# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| ANDREW PERRY,<br><br>    Plaintiff,<br><br>vs.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | 2:18-cv-01192-GMN-VCF<br><br>**ORDER**<br>[Motion/Application for Leave to Proceed in forma pauperis (ECF No.1)] |

Before the court is Plaintiff Andrew Perry's Motion/Application to Proceed *In Forma Pauperis* (ECF No. 1).

### I.   In Forma Pauperis Application

Plaintiff asserts in his application to proceed *in forma pauperis* that he receives $200.00 in food stamps. *Id.* Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

### II.   Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the

plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

  A.  Plaintiff's Complaint

Plaintiff's complaint arises from an unfavorable decision by the Commissioner of Social Security Administration (hereinafter "Commissioner"). (ECF NO. 1-1). Plaintiff asserts that he is "disabled as that term is defined in the Social Security Act." *Id.* The Commissioner denied her application for lack of disability. *Id.* Plaintiff has appealed the decision of the Commissioner to this court, and requests that this court reverse that decision, or in the alternative, remand this matter for a new hearing... *Id.*

Plaintiff may appeal to this court the Commissioner's denial of his application for either Disability Insurance Benefits or Supplemental Security Income under Titles II and XVI of the Social Security Act, respectively. *See* 42 U.S.C. §§ 401-433, 1381-82c. This Court has jurisdiction over the matter. *Id.* Construing plaintiff's allegations in light most favorable to plaintiff, the court finds that plaintiff has asserted a claim upon which relief can be granted. See *Russell*, 621 F.2d at 1039.

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court file the Complaint (ECF No. 1-1) and serve the Commissioner of the Social Security Administration by sending a copy of the summons and Complaint (ECF NO. 1-1) by certified mail to: (1) the Attorney General of the United States, Department

of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530; and (3) Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 899, San Francisco, CA 94105-1545.

IT IS FURTHER ORDERED that the Clerk of Court issue summons to the United States Attorney for the District of Nevada and deliver the summons and Complaint (ECF NO. 1-1) to the U.S. Marshal for service.

IT IS FURTHER ORDERED that from this point forward, Plaintiff must serve upon defendant, or his attorney if he has retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff must include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel. The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

DATED this 10th day of July, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE