Marc V. Kalagian
Attorney at Law: 4460
Law Offices of Rohlfing & Kalagian, LLP
211 East Ocean Boulevard, Suite 420
Long Beach, CA 90802
Tel.: (562) 437-7006
Fax: (562) 432-2935
E-mail: rohlfing.kalagian@rksslaw.com

Attorneys for Plaintiff
Andrew Perry

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW PERRY, | Case No.: 2:18-cv-01192-GMN-VCF |
| Plaintiff, | STIPULATION AND PROPOSED ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920 |
| vs. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

TO THE HONORABLE CAM FERENBACH, MAGISTRATE JUDGE OF THE DISTRICT COURT:

IT IS HEREBY STIPULATED, by and between the parties through their undersigned counsel, subject to the approval of the Court, that Andrew Perry be awarded attorney fees in the amount of Three Thousand Five Hundred dollars ($3,500.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

After the Court issues an order for EAJA fees to Andrew Perry, the government will consider the matter of Andrew Perry's assignment of EAJA fees to Laura E. Krank. The retainer agreement containing the assignment is attached as exhibit 1. Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Andrew Perry, but if the Department of the Treasury determines that Andrew Perry does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Law Offices of Rohlfing & Kalagian, LLP, pursuant to the assignment executed by Andrew Perry.[1] Any payments made shall be delivered to Laura E. Krank, of Counsel.

This stipulation constitutes a compromise settlement of Andrew Perry's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Andrew Perry and/or Laura E. Krank, of Counsel including Law Offices of Rohlfing & Kalagian, LLP may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Laura E. Krank, of Counsel and/or the Law Offices of Rohlfing & Kalagian, LLP to seek Social Security Act

---

[1] The parties do not stipulate whether counsel for the plaintiff has a cognizable lien under federal law against the recovery of EAJA fees that survives the Treasury Offset Program.

attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

DATE: April 16, 2019      Respectfully submitted,

ROHLFING & KALAGIAN, LLP

/s/ *Marc V. Kalagian*
BY: _____
Marc V. Kalagian
Attorney for plaintiff Andrew Perry

DATED: April 16, 2019      MCGREGOR W. SCOTT
United States Attorney

/s/ *Jeffrey T. Chen*
_____
JEFFREY T. CHEN
Special Assistant United States Attorney
Attorneys for Defendant
NANCY A. BERRYHILL, Acting Commissioner of Social Security (Per e-mail authorization)

Of Counsel: Laura Krank

**ORDER**

Approved and so ordered:

DATE: 4-17-2019

_____
THE HONORABLE CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 211 E. Ocean Blvd., Ste. 420, Long Beach, CA 90802.

On this day of April 16, 2019, I served the foregoing document described as STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920 on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Mr. Andrew Perry
901 Brush St., Apt. 301
Las Vegas, NV 89107

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Long Beach, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare that I am employed in the office of a member of this court at whose direction the service was made.

Marc V, Kalagian          /s/ *Marc V. Kalagian*
TYPE OR PRINT NAME         SIGNATURE

# CERTIFICATE OF SERVICE
# FOR CASE NUMBER 2:18-CV-01192-GMN-VCF

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for this court by using the CM/ECF system on April 16, 2019.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system, except the plaintiff served herewith by mail.

/s/ *Marc V. Kalagian*

_____

Marc V. Kalagian
Attorneys for Plaintiff

# SOCIAL SECURITY REPRESENTATION AGREEMENT

This agreement was made on January 12, 2018, by and between the Law Offices of Rohlfing & Kalagian, LLP referred to as attorney and **Andrew Perry**, S.S.N. ███-██-8326, herein referred to as Claimant.

1. Claimant employs and appoints Law Offices of Rohlfing & Kalagian, LLP to represent Andrew Perry as the Attorneys at law in a Social Security claim regarding a claim for disability benefits and empowers Attorney to take such action as may be advisable in the judgment of Attorney, including the taking of judicial review.

2. In consideration of the services to be performed by the Attorney and it being the desire of the Claimant to compensate Attorney out of the proceeds shall receive **25% of the past due benefits awarded by the Social Security Administration to the claimant or such amount as the Commissioner may designate under 42 U.S.C. § 406(a)(2)(A) which is currently $6,000.00**, whichever is smaller, upon successful completion of the case **at or before a first hearing decision from an ALJ**. If the Claimant and the Attorney are unsuccessful in obtaining a recovery, Attorney will receive no fee. This matter is subject expedited fee approval except as stated in ¶3.

3. The provisions of ¶ 2 only apply to dispositions at or before a first hearing decision from an ALJ. The fee for successful prosecution of this matter is **25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration**. Attorney shall petition for authorization to charge this fee in compliance with the Social Security Act for all time whether exclusively or not committed to such representation.

4. If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court**. Attorney shall seek compensation under the Equal Access to Justice Act and such amount shall credit to the client for fees otherwise payable for that particular work. Client shall endorse such documents as are needed to pay Attorney any amounts under the EAJA and assigns such fee awards to Attorney.

5. Claimant shall pay all costs, including, but not limited to costs for medical reports, filing fees, and consultations and examinations by experts, in connection with the cause of action.

6. Attorney shall be entitled to a reasonable fee; notwithstanding the Claimant may discharge or obtain the substitution of attorneys before Attorney has completed the services for which he is hereby employed, and claimant grants a lien to Attorney for reasonable fees.

7. Attorney has made no warranties as to the successful termination of the cause of action, and all expressions made by Attorney relative thereto are matters of Attorney's opinion only.

8. This Agreement comprises the entire contract between Attorney and Claimant. The laws of the State of California shall govern the construction and interpretation of this Agreement except that federal law governs the approval of fees by the Commissioner or a federal court. Business and Professions Code § 6147(a)(4) states "that the fee is not set by law but is negotiable between attorney and client."

9. Attorney agrees to perform all the services herein mentioned for the compensation provided above.

10. Client authorizes attorney to pay out of attorney fees and without cost to client any and all referral or association fees to prior or referring attorneys or bar referral service.

11. The receipt from Claimant of ___none___ is hereby acknowledged by attorney to be placed in trust and used for costs.
It is so agreed.

_____          _____
Andrew Perry    1/18/18                   Law Offices of Rohlfing & Kalagian, LLP